UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DAVID DOYLE and
LORIA DOYLE,

      Plaintiffs,

v.                          Civil Action No. 2:08-1442

FLEETWOOD HOMES OF VIRGINIA, INC.,
a foreign corporation,
CMH HOMES, INC., d/b/a LUV HOMES, and
VANDERBILT MORTGAGE AND FINANCE, INC.,

      Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


      By order dated March 19, 2009 the plaintiffs and defendants CMH Homes, Inc. ("CMH Homes") and Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt") were ordered to show cause why this action should not be stayed in its entirety pending the conclusion of the bankruptcy proceedings of defendant Fleetwood Homes of Virginia, Inc. ("Fleetwood Homes").  The parties have responded to the order to show cause.  For the reasons that follow, the action will not be stayed in its entirety at this juncture.

I.

Plaintiffs instituted this action by filing a complaint in the Circuit Court of Kanawha County, West Virginia on November 2, 2008.  According to the eleven count complaint, in a transaction financed by Vanderbilt, plaintiffs purchased a new mobile home from mobile home dealer CMH Homes on April 19, 2006. The new mobile home purchased by the plaintiffs was manufactured by Fleetwood Homes.  Plaintiffs complain of various defects in the installation and construction of the mobile home, and allege that the defendants misrepresented material facts regarding the quality of the mobile home and the terms of the agreement entered to finance its purchase.  The complaint asserts claims under state law for cancellation of contract, breach of warranty, breach of duty of good faith, unconscionability, negligent repair, unfair or deceptive acts, and fraud and misrepresentation.  A federal claim under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 through 2312, is also asserted.

Invoking the diversity and federal question jurisdiction of the court, the defendants removed on December 19, 2008.  (Not. of Rem. ¶ 3-8).  Having filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code on March 10, 2009, Fleetwood Homes filed on March 12, 2009 a notice of

2

bankruptcy filing, stating that the action was stayed as to it by force of 11 U.S.C. § 362(a).

## II.

Section 362(a)(1) of Chapter 11 of the Bankruptcy Code stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." The Court of Appeals for the Fourth Circuit has noted that, "[t]he purpose of the automatic stay, in addition to protecting the relative position of creditors, is to shield the debtor from financial pressure during the pendency of the bankruptcy proceeding." Winters v. George Mason Bank, 94 F.3d 130, 133 (4th Cir. 1996) (citing In re Stringer, 847 F.2d 549 (9th Cir. 1988)).

As a general rule, the automatic stay imposed by § 362(a)(1) applies only to the debtor in bankruptcy, and not to the debtor's solvent co-defendants in a pending civil action. See A.H. Robbins v. Piccinin, 788 F.2d 994, 1000 (4th Cir. 1986) ("Subsection (a)(1) is generally said to be available only to the debtor, not third party defendants or co-defendants."); Williford

3

v. Armstrong World Indus., 715 F.2d 124, 126 (4th Cir. 1983)
(concluding that "the remaining co-defendants cannot avail
themselves of the automatic stay provisions of 11 U.S.C. §
362(a)."). There exists, however, a narrow exception to this
general rule, applicable in "unusual circumstances," whereby the
stay imposed by § 362(a)(1) may be expanded to include non-debtor
co-defendants. Piccinin, 788 F.2d at 1000 ("in order for relief
for such non-bankrupt defendants to be available under (a)(1),
there must be unusual circumstances and certainly something more
that the mere fact that one of the parties to the lawsuit has
filed a [petition for] Chapter 11 bankruptcy.") (internal
quotation marks omitted); Winters v. George Mason Bank, 94 F.3d
130, 133 (4th Cir. 1996) (stating that in Piccinin the court
"noted a narrow exception to the general rule that the automatic
stay is not available to third parties.").

        As recognized in Piccinin, consistent with its purpose,
the automatic stay may be properly expanded in the "unusual
situation . . . when there is such identity between the debtor
and third-party defendant that the debtor may be said to be the
real party defendant and that a judgment against the third-party
defendant will in effect be a judgment or finding against the
debtor." Piccinin, 788 F.2d at 1000; see also Kreisler v.

                                4

Goldberg, 478 F.3d 209, 213 (4th Cir. 2007).  An illustration of

such an unusual situation "would be a suit against a third-party

who is entitled to absolute indemnity by the debtor on account of

any judgment that might result against them in the case."

Piccinin, 788 F.2d at 1000.


III.


        According to CMH Homes and Vanderbilt, because

plaintiffs' claims under Article 2 the West Virginia Uniform

Commercial Code, W. Va. Code  §§ 46-2-101 through 46-2-725, and

the West Virginia Consumer Credit and Protection Act, W. Va. Code

§§ 46A-1-101 through 46A-8-102, "may flow directly from acts or

omissions of Fleetwood Homes" they will be left with the burden

of seeking "indemnification and/or contribution from Fleetwood

Homes" through the Fleetwood Homes bankruptcy proceedings.

(Def.'s Resp. to Order to Show Cause at 3).  CMH Homes and

Vanderbilt contend that such a state of affairs constitutes

"unusual circumstances" under Piccinin and thus the stay imposed

by § 362(a)(1) as to Fleetwood Homes should be expanded to stay

this action in its entirety.  (Id. at 3-4).  In the alternative,

CMH Homes and Vanderbilt request that the action be stayed as to

all claims not directly and proximately resulting from their acts

or omissions.  (Id. at 4).

    In their response to the order to show cause,
plaintiffs focus on the propriety of staying the action under the
"general equity powers" of the court.  Williford, 715 F.2d at
127.  Plaintiffs point out that under West Virginia law they are
entitled to recovery on their breach of warranty claims from both
CMH Homes, as seller of the mobile home, and Vanderbilt as the
lender.  (Pls.' Mem. in Opp. to Stay of Proceedings at 4).
Plaintiffs argue that while CMH Homes and Vanderbilt "may have
the right to pursue Fleetwood [Homes] for contribution" in
bankruptcy court, any delay or burden imposed upon CMH Homes and
Vanderbilt does not justify staying the action in its entirety.
(Id.)

    Simply because CMH Homes and Vanderbilt may be entitled
to contribution or indemnity from Fleetwood Homes does not call
for expansion of the stay imposed by § 362(a)(1).  In Credit
Alliance Corp. v. Williams, 851 F.2d 119 (4th Cir. 1988) the
court refused to expand the automatic stay to include the
guarantor of a note executed by a corporation in bankruptcy
despite the fact the guarantor would be entitled to bring claims
for reimbursement or contribution through the bankruptcy
proceedings.  Id. at 120-121.  Following a discussion of the

principles set forth in Piccinin, the court stated that "[i]t is
unnecessary to stay the proceedings or void the judgment against
the non-bankrupt guarantor to protect Penn Hook [the debtor] or
to prevent dissipation of its assets, since neither Penn Hook nor
its estate is jeopardized by the judgment against Williams [the
guarantor]." Id. at 121-122; see also Holland v. High Power
Energy, 248 B.R. 53 (S.D. W. Va. 2000) (refusing to expand stay
despite agreement by debtor to indemnify non-bankrupt co-
defendant). Further, even if CMH Homes and Vanderbilt may be
entitled to contribution or indemnification from Fleetwood Homes,
they have not offered any evidence that they would be entitled
"to absolute indemnity by the debtor on account of any judgment
that might result against them in the case." Piccinin, 788 F.2d
at 1000.

     When compared to Piccinin, it is clear that the present
circumstances are simply not "unusual" and thus do not call for
expansion of the stay imposed by § 362(a)(1). In Piccinin
thousands of product liability suits were filed against a
corporation and its officers. The corporation filed for
bankruptcy, and the district court entered an order staying the
actions against the officers. The Fourth Circuit found that
proceeding with the actions against the officers had the

7

potential to diminish the funds available under the debtor's products liability insurance policy, and that such actions were tantamount to actions against the debtor corporation itself. Thus, the court upheld the expansion of the stay by the district court because the interests of the officers were "so intimately intertwined with those of the debtor that the latter may be said to be the real party in interest."  Piccinin, 788 F.2d at 1001.

The close relationship between the debtor and its co-defendants present in Piccinin is lacking here.  See generally Kreisler, 478 F.3d at 213 (affirming refusal to expand stay to include wholly owned subsidiary of debtor corporation and stating "there exists no basis for us to conclude that there is such identity between Bask [debtor] and its wholly owned subsidiary, Just, that a judgment against Just would effectively operate as a judgment against Bask.").  Also lacking is the deluge of suits that in Piccinin threatened to diminish the debtor's insurance funds and sap its resources.  In sum, that CMH Homes and Vanderbilt may be forced to seek indemnification or contribution from Fleetwood Homes does not constitute "unusual circumstances" justifying expansion of the stay.

It is accordingly ORDERED that the action is to proceed as to defendants CMH Homes and Vanderbilt.

8

The Clerk is directed to forward copies of this memorandum opinion and order to all counsel of record.

DATED: April 30, 2009

John T. Copenhaver, Jr.
United States District Judge

9